**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOSHUA MATHENEY,

Plaintiff,

vs. Civ. No. 26-3437 JFR/SCY

BLACK GOLD ENERGY SERVICES, LLC; and HILCORP ENERGY COMPANY,

Defendants.

**ORDER TO AMEND NOTICE OF REMOVAL**

This matter comes before the Court sua sponte, following its review of the Notice of Removal, filed by Defendant Hilcorp Energy Company on October 14, 2026. Doc. 1. Defendant Hilcorp removed this action to federal court citing diversity jurisdiction. *Id.* at 2, ¶ 5. The Court has a sua sponte duty to determine whether subject matter jurisdiction exists. *See Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).

Under 28 U.S.C. § 1332(a), federal courts have "original jurisdiction in all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of different States . . . ." When a plaintiff files a civil action in state court over which the federal court would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). "[T]he ultimate burden of establishing complete diversity" lies with "the party seeking to invoke federal jurisdiction." *ADA Carbon Sols. (Red River), LLC v. Atlas Carbon, LLC*, 146 F.4th 1296, 1306 (10th Cir. 2025); *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013).

Here, the notice of removal fails to allege the necessary facts to sustain diversity jurisdiction because it provides no citizenship information as to Defendant Black Gold Energy Services, LLC. That is, the notice of removal properly alleges that Plaintiff is a citizen of West Virginia and that Defendant Hilcorp is a Texas corporation with its principal place of business in Texas, making it a Texas citizen. Doc. 1 at 2, ¶¶ 6-7. As to Defendant Black Gold Energy, the notice of removal alleges that it has not been properly joined and served in this lawsuit,[1] and therefore its citizenship is not necessary for establishing diversity jurisdiction. *Id.* ¶ 8.

However, diversity jurisdiction under Section 1332 requires the Court to examine the citizenship of all named parties, not just those who have been joined and served.[2] *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) ("Under 28 U.S.C. § 1332(a) the citizenship of all defendants must be different from the citizenship of all plaintiffs."); *Ake v. Cent. United Life Ins. Co.*, No. CIV-17-539-R, 2017 WL 3105875, at *2 (W.D. Okla. July 21, 2017) ("The law is clear that the citizenship of all named defendants, whether served with process or not, must be considered in determining whether complete diversity exists, thereby providing a jurisdictional basis for removal under 28 U.S.C. § 1441(a).") (cleaned up); *id.* at *3 (collecting cases which hold that the citizenship of a named, though unserved, defendant matters for diversity purposes);

[1] When Plaintiff initially filed this lawsuit in state court, he names only one Defendant: Black Gold Energy Services, LLC, a New Mexico LLC. Doc. 1 at 8. After discovering the New Mexico LLC was the wrong entity, *id.* at 32, Plaintiff amended the complaint to name as a defendant Black Gold Energy Services, LLC, a Wyoming LLC, *id.* at 44, and dismissed the New Mexico LLC from the case, *id.* at 63. When amending, Plaintiff also added Hilcorp as a Defendant. *Id.* at 44.

[2] The Court does, however, disregard the citizenship of defendants sued under fictitious names. 28 U.S.C. § 1441(b). Likewise, "[t]he Supreme Court has recognized that a defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy.'" *Brown v. Arledge*, No. 21-CV-0470-CVE-JFJ, 2022 WL 1527543, at *3 (N.D. Okla. Apr. 15, 2022) (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)). Neither of those situations appear to be at issue in this case.

*Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service.").

In contrast, for example, the forum defendant rule—i.e., that a case cannot be removed based on diversity jurisdiction if a defendant is a citizen of the state in which the action is brought—looks only at defendants who have been "properly joined and served." 28 U.S.C. § 1441(b)(2). But examining citizenship for removal based on diversity jurisdiction includes no such limitation. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 1332(a); *see also Gift Card Impressions v. Grp. Servs. Ltd.*, No. 12-CV-2766-CM, 2013 WL 568211, at *1 (D. Kan. Feb. 13, 2013) ("28 U.S.C. § 1441(b)(2) does not authorize this court to ignore the citizenship of unserved defendants in determining diversity jurisdiction.").

Accordingly, even though Defendant Hilcorp alleges that Defendant Black Gold Energy has not been properly served and joined, Hilcorp must still allege Black Gold Energy's citizenship in order to sustain diversity jurisdiction. The Court will thus give the removing Defendant the opportunity to file an amended notice of removal to allege facts necessary to sustain diversity jurisdiction. *See Hendrix v. New Amsterdam Casualty Co.*, 390 F.2d 299, 300-02 (10th Cir. 1968) (permitting amendment of notice of removal to allege principal place of business of the defendant, along with citizenship, rather than mere residence, of the plaintiff); *Buell v. Sears, Roebuck & Co.*, 321 F.2d 468, 471 (10th Cir. 1963) (permitting amendment after appeal to allege corporation's principal place of business); *see also* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts.").

When amending the notice of removal, Defendant Hilcorp is reminded that determining the citizenship of an unincorporated entity such as limited liability company (LLC) is different from determining the citizenship of a corporation under 28 U.S.C. § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See id.* § 1332(c). An LLC, on the other hand, is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co*., 781 F.3d 1233, 1237-38 (10th Cir. 2015) (the standard requiring determination of citizenship of all members applies to any "non-corporate artificial entity").

**IT IS THEREFORE ORDERED** that Defendant Hilcorp Energy Company amend the Notice of Removal to properly allege facts sufficient for diversity jurisdiction, including the citizenship of Defendant Black Gold Energy Service, LLC, no later than **November 12, 2026**.

**IT IS FURTHER ORDERED** that if such an amended notice of removal is not filed by November 12, 2026, the Court may remand this action back to state district court.



STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE